# David Clark, plaintiff in error *vs.* Josiah Parvin, defendant in error.

## *Error to Muscatine.*

A bill of exceptions, signed by by-standers at the trial, must state affirmatively the points reserved, and not what they *understood* to be the judge's charge. And it must be drawn up and signed at the time.

On the trial below a bill of exceptions was tendered, which the judge declined to sign, as he did not consider that he had charged as stated by the exceptor. It was then certified to, as follows:

" The undersigned were present at the above trial, and understood the court to charge and refuse to charge as stated above.

"J. SCOTT RICHMAN,
" A. WASHBURN,
" J. B. BARKER."

The defendant moved to reject the bill of exceptions:

1. Because the same was not filed till some days after the trial.

2. That the exceptions do not appear to have been taken at the trial.

3. That said bill is not signed and sealed by the judge.

4. It does not appear whether the by-standers signed the bill at the trial or some days after.

WHICHER, for plaintiff in error.

WOODWARD, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.— A motion is made in this case to reject the bill of exceptions, on the ground that it is not taken and signed in the manner prescribed by law. The objection appears to be well taken. It is signed not by the judge but by three persons who were present at the trial, who merely state that they *understood* the court to charge as therein set forth. The trial moreover took place on the twenty-eighth day of June, and the transactions in relation to the signing and filing the bill of exceptions appear to have taken place on the second day of July. Where a bill of exceptions is thus signed by by-standers, the statute should be strictly complied with. It should be drawn up and signed at the time of the trial. A party will not in such cases be permitted to wait four days and then procure three persons to

state what they *understood* the court to charge, in opposition to the recollection of the judge who tried the cause. The motion to reject will therefore be sustained.